95 So.2d 493

Succession of Sibyl A. WILDER.

No. 42928.

May 6, 1957.

Burton & Burton, by Robert H. Burton, New Orleans, for opponent and appellant.

Dart, Guirdy & Dart, by Henry P. Dart, III, New Orleans, for appellee.

McCALEB, Justice.

Mrs. Margaret Cambias Bartholomew is appealing from a judgment dismissing her opposition to the final account of the executor of the succession of her aunt, Miss Sibyl A. Wilder, in which she claimed a net amount of $2,000 for personal ·services rendered by her to her aunt for a period of over 10 years. These services were alleged to consist of nursing decedent, doing her laundry, cleaning and keeping her house in order, driving her and attending to some of her business matters as well as doing various and sundry errands.

In her petition, opponent itemized her nursing services to be worth $3120 (312 days at $10 per day); laundry service, $468 (156 weeks at $3 per week); house

cleaning, $660.80 (146 weeks at $4.30 per week) and the other various services allegedly performed at $936 (156 weeks at $6 weekly) or a total of $5184.80, which she reduced to the sum of $2,000 by allowing a credit for a legacy and an annuity received from her aunt, approximating $2911.16 and deducting seven months from the period claimed, during which time, immediately prior to her aunt's death, she had discontinued her services.

Miss Wilder, a school teacher by profession, died at her home in New Orleans on April 26, 1955. She had never married and was survived only by collateral relations, two brothers, 13 nieces and nephews and 29 grandnieces and grandnephews. She left an estate of approximately $92,000 which she disposed of by an olographic will dated August 9, 1954, admitted to probate in these proceedings. In this will, she left all her stocks, bonds and cash in trust for her nieces (including appellant), nephews, grandnieces and grandnephews and her real property to her two brothers. The value of appellant's legacy is estimated to be $911.16 and her aunt also provided an annuity for her in the sum of $2,000.

In their brief to this Court, counsel for appellant say that they assume that the trial judge dismissed the opposition simply on the showing that appellant received a legacy and an annuity from her aunt and they complain that this was an erroneous legal holding as the evidence shows the

value of the services rendered by her greatly exceeds the amount she is receiving from the estate.

Although the judge did not assign written reasons for his conclusion, we are satisfied that his judgment was not based on the premise assumed by counsel but, rather, it would appear from a reading of the record that the judge felt that appellant did not establish with legal certainty that the services she rendered to decedent exceeded the value of the amount of the annuity which decedent purchased for her.

At the outset, we find it somewhat difficult to determine from the brief and oral argument of her counsel whether appellant is relying on an alleged promise of the decedent to compensate her for the services rendered by provision in her will or whether she is simply seeking recovery on a quantum meruit basis. However, we presume that it is the latter because she has singularly failed to prove, in the manner prescribed by R.S. 13:3722, that the decedent agreed, as claimed, to compensate her by testamentary provision for her services. R.S. 13:3722, which applies to suits brought within twelve months after the death of a deceased party, provides that parol evidence is incompetent to prove any debt or liability on the part of the deceased unless it consists of the testimony of at least one credible witness besides the plaintiff or unless it be to corroborate a written demand or promise to pay signed

by the debtor. While appellant testified in the instant case that her aunt agreed to compensate her by leaving her the cash money in her house (over $9,000 was found at the residence after decedent's death) no other witness corroborated this statement. Accordingly, if appellant is to recover at all it must be on a quantum meruit.

After a careful consideration of the evidence as to the services rendered by appellant, we are satisfied that the judge did not err in evidently concluding that it was impossible to deduce that the value of these services exceeded the $2,000 annuity which she received from decedent.

The evidence shows that, for some years prior to her death, decedent suffered from diabetes and a kidney condition. Appellant stated that frequently her aunt would become ill, necessitating her remaining at home for periods of one, two or three months and that, during these periods of illness, she would come early in the morning and remain until late at night, nursing her aunt, preparing a special salt free diet, cleaning the house and generally doing all things necessary for her care and convenience;[1] that she washed her aunt's laundry, including her bed clothes, which was considerable because decedent's kidney condition caused her to wet the bed frequently and that she drove decedent in her car to various places, ran numerous errands and, on occasion, attended to her business matters.

Appellant's evidence is corroborated to some extent by Mrs. G. Katsanis, a neighbor of decedent, although this witness does not appear to have any direct knowledge of the nature of the services rendered by appellant or the hours during which the services were performed. She merely stated that she would see appellant's car arrive at Miss Wilder's house in the morning and that it would still be there when she returned in the evening.

On the other hand, the record shows that decedent lived in the same house with a nephew and his family with whom she took her meals and this nephew claims that it was he and his wife who cared for decedent for the last eight years of her life.[2] And the evidence also casts some doubt as to the extent of the services rendered either by appellant or decedent's nephew, as it appears that decedent was actively teaching school until about 3 years before

1. The record shows that appellant is neither a registered nor practical nurse. She is a housewife and, during the time she was performing services for her aunt, she and her husband lived about eight squares from decedent.

2. He likewise filed an opposition claiming compensation for the services rendered by him. His opposition was dismissed by the trial judge.

her death. But, in any case, conceding that the services and companionship provided by appellant to her aunt were valuable and substantial, there is nothing in the record establishing with reasonable certainty that the $2,000 annuity is insufficient to provide adequate compensation to her.

The judgment is affirmed.